JUDGE ABRAMS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 5443

------------------------------------------------------------X
PHOENIX FEELEY,                                        )
                                                       )     **COMPLAINT**
                        Plaintiff,                     )
                                                       )
       -against-                                       )
                                                       )     **ECF CASE**
THE CITY OF NEW YORK; POLICE OFFICER                   )
ANDREW BEIRNE, Shield No. 17848; POLICE                )     **JURY TRIAL DEMANDED**
OFFICER MICHAEL RADOSTA, Shield No.                    )
25807; JOHN DOES; RICHARD ROES,                        )
                                                       )
                        Defendants.                    )
------------------------------------------------------------X

### PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff PHOENIX FEELEY seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

### JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth, and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

### JURY TRIAL DEMANDED

4.     Plaintiff demands a trial by jury on each and every claim as pleaded herein.

### VENUE

5.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on July 12, 2011, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

### PARTIES

7.     Plaintiff PHOENIX FEELEY is a citizen of the United States, and at all times relevant herein resided in the state of New York, County of New York.

8.     Defendant THE CITY OF NEW YORK ("The City") is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New

York City Police Department ("NYPD").

9. Defendants BEIRNE, RADOSTA and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants BEIRNE, RADOSTA and JOHN DOES are sued individually and in their official capacity.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES

are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. Shortly before midnight on the night of April 15-16, 2011, Plaintiff was at her home at 234 E. 14th Street.

12. Also present in the apartment was Plaintiff's then twelve year old daughter, and her two dogs.

13. Plaintiff's home is on the first floor of 234 E. 14th Street.

14. 234 E. 14th Street is a cooperative apartment building, of which Plaintiff is a part owner.

15. Plaintiff, to decorate the security gate on the outside of her windows, decided to place a sticker on them that said "Got Vermont?" and showed a silhouette of the State of Vermont.

16. Plaintiff went in front of her building, along with one of her dogs, and placed the sticker on the security gate.

17. Plaintiff owns the security gate on the outside of her window.

18. When Plaintiff placed the "Got Vermont?" sticker on the security gate, she was approached by Defendants BEIRNE and RADOSTA.

19. Defendant RADOSTA told Plaintiff, in sum and substance, that she was not permitted to apply the sticker.

20. Plaintiff informed the officers that she lived there, and that she owned the security gate upon which she had placed the sticker.

21. Defendant RADOSTA told Plaintiff, in sum and substance, that if she could

demonstrate to him that she indeed lived there, that would satisfy him, and asked her for identification.

22. Plaintiff was in her running clothes, and did not have her identification on her, so Plaintiff suggested that she simply open the door to prove she lived there.

23. Defendant RADOSTA said, in sum and substance, that that would be fine.

24. Plaintiff then opened both exterior entrance doors to her building's vestibule, to show the officers she lived there, and then, from inside of the common hallway, further opened the door to her own apartment to show the officers that she lived there.

25. When Plaintiff opened her apartment door, her dog went inside.

26. At the entrance to Plaintiff's apartment the officers, particularly Defendant BEIRNE, insisted that Plaintiff provide identification or she would be arrested.

27. Plaintiff explained that her driver's license has her parents' address in New Jersey on it, and that she did not have identification for that address.

28. Plaintiff suggested that she get, from within her apartment, the receipt for the security gate, which did have her name on it, and which did list her address as 234 E. 14th Street.

29. Plaintiff then went into her apartment to retrieve the receipt.

30. Plaintiff tried to shut the door behind her, to prevent her two dogs from getting out.

31. When Plaintiff attempted to shut the door, one of the officers, on information and belief Defendant BEIRNE, stuck his boot into the doorway and prevented the door from closing.

32. Plaintiff, frightened, yelled "no!"

33. The Defendant officers then forcibly shoved their way into the apartment, and

tackled Plaintiff to the ground inside her apartment.

34.     The Defendant officers then roughly dragged Plaintiff out of her apartment into the hallway of the building, and handcuffed her behind her back.

35.     The handcuffs were applied to Plaintiff with an excessive and painful tightness.

36.     The Defendant officers are much larger than Plaintiff, and they used an amount of force that was grossly excessive.

37.     The Defendant officers took Plaintiff outside of her building and placed her in their police car.

38.     Plaintiff explicitly forbade the Defendant officers from going into her apartment.

39.     While Plaintiff was held in the police car, the Defendant officers, despite Plaintiff's clear and unequivocal instructions, re-entered her apartment multiple times.

40.     While Plaintiff was held in the police car, she asked Defendant RADOSTA numerous times to loosen her handcuffs, and told him the handcuffs were causing her great pain.

41.     Defendant RADOSTA ignored Plaintiff's requests, and did not loosen the handcuffs.

42.     After being held in the police car for a while, the Defendant officers then took Plaintiff to the NYPD 9th Precinct.

43.     At the 9th Precinct Plaintiff was placed in a holding cell for a number of hours, and then released with a Desk Appearance Ticket.

44.     Plaintiff was falsely charged with Defac321 East 5 Street, New York, NY, 10003ement of Property, Making Graffiti, and Possession of a Graffiti Instrument, for supposedly vandalizing her own property with the sticker.

45. All charges against Plaintiff have been dismissed in their entirety by way of Adjournment in Contemplation of Dismissal.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

46. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47. By their conduct and actions in falsely arresting, assaulting and battering, invading the home of, violating the substantive due process rights of, abusing process against, and failing to intercede on behalf of, Plaintiff, defendants BEIRNE, RADOSTA, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

48. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

### SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of Plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

51. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

52. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged

herein.

55. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

56. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57. The conduct of defendants BEIRNE, RADOSTA, DOES, and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

58. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

59. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60. By the actions described above, defendants did inflict assault and battery upon Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

61. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

62. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

63. By the actions described above, defendants falsely arrested Plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

64. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### TRESPASS

65. Plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

66.     The defendants willfully, wrongfully and unlawfully trespassed upon plaintiff's homes and upon the person of plaintiff.

67.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENCE

68.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

69.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

71.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72.     Defendant THE CITY OF NEW YORK negligently hired, screened, retained,

supervised and trained the employees and officials who injured plaintiff. The acts and conduct of these employees and officials were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## CONSTITUTIONAL TORT

74. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

75. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§ 6 and 12 of the New York State Constitution.

76. A damages remedy here is necessary to effectuate the purposes of §§ 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

77. As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered bodily injury, pain and suffering, mental suffering and humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           July 13, 2012

                                      JEFFREY A. ROTHMAN, Esq.
                                      315 Broadway, Suite 200
                                      New York, New York 10007
                                      (212) 227-2980
                                      Attorney for Plaintiff